# EXHIBIT A

IN THE CIRCUIT COURT OF OHIO COUNTY, WEST VIRGINIA

ROBERT WILLIAMS, SR.

    Plaintiff,

v.

Civil Action No.: 17-C-264

Judge Cuomo

LOWE'S HOME CENTERS, LLC,
a North Carolina Corporation

and

JOHN DOE CORPORATIONS,

and

JOHN DOE TORTFEASORS,

    Defendants.

## COMPLAINT

NOW COMES the Plaintiff, ROBERT WILLIAMS, SR., by and through his counsel, Amy Pigg Shafer, Esq., and for his Complaint against the Defendants, LOWE'S HOME CENTERS, LLC, JOHN DOE CORPORATIONS, and JOHN DOE TORTFEASORS, and avers as follows:

### PARTIES

1. Plaintiff Robert Williams, Sr. is and was a resident of Bellaire, Belmont County, Ohio at the time of the incident described herein and at all times relevant thereafter.

1

2. Upon information and belief, Defendant Lowe's Home Centers, LLC (hereinafter, "Lowe's") is a limited liability corporation and/or a business entity organized under the laws of the state of North Carolina and actively doing business in the State of West Virginia, including on or about September 18, 2015 at a home improvement store located at 2801 Chapline Street, Wheeling, Ohio County, West Virginia, thereby purposefully availing themselves of the privileges and benefits of conducting business within the state of West Virginia.

3. Defendant Lowe's principal office address is 1605 Curtis Bridge Road, Wilkesboro, North Carolina 28697 and its agent for service of process is Corporation Service Company, 209 West Washington Street, Charleston, West Virginia 25302.

4. Defendant Lowe's, due to the acts and/or omissions alleged below, negligently, recklessly, or intentionally caused tortious injury to the plaintiff at its home improvement retail store in Wheeling, Ohio County, West Virginia.

5. John Doe Corporations (1 – 5) are intended to represent persons, whether natural or corporate, other than Defendant Lowe's, that were owners or property managers, whether in whole or in part, of the home improvement retail store located at 2801 Chapline Street, Wheeling WV, 26003 on or about September 18, 2015.

6. The names and addresses of John Doe Corporations (1 – 5) are not yet known and could not be found despite due diligence by counsel prior to the filing of this lawsuit.

7. John Doe Tortfeasors (1-5) are intended to represent individual persons, including employees or managers of Lowe's or a John Doe Corporation and whose

names and addresses are not yet known could not be found despite due diligence by counsel prior to the filing of this lawsuit.

8. Plaintiff's injury claim in this matter arises directly from the activities of Defendants in this state and all of the acts hereinafter alleged occurred in Ohio County, West Virginia.

9. This Court has subject matter jurisdiction and personal jurisdiction over the parties.

10. Venue is proper in Ohio County, West Virginia.

## FACTUAL SUMMARY

11. Plaintiff realleges and incorporates all prior Paragraphs of this Complaint as though the same were fully rewritten, herein.

12. On or about September 18, 2015, Plaintiff, Robert Williams, Sr., an adult male, was an invitee and/or guest on the premises of the Lowe's store located at 2801 Chapline Street in Wheeling, Ohio County, West Virginia.

13. Upon entering the store, Mr. Williams noticed some other patrons near the front cash registers who were purchasing a large amount of what appeared to be sand for a children's play box.

14. The patrons were having difficulty with the sand at the register. An employee of Lowe's was assisting the customers with their purchase of the sand.

15. Mr. Williams continued past the patrons and Lowe's employee with the sand and proceeded with his shopping. He shopped in the Lowe's home improvement store for approximately twenty to thirty minutes.

3

16. After Mr. Williams completed selecting his items, he proceeded to the checkout area.

17. As Mr. Williams approached a cash register, he turned to go to a different register. As he started his turn, his foot slipped on a grainy substance on the floor that felt like sand.

18. The sand caused Mr. Williams to fall to the ground, where he struck his left side and his head hit the floor.

19. The fall caused Mr. Williams to lose consciousness.

20. Plaintiff Robert Williams, Sr., a customer and non-trespasser, was in no way negligent or otherwise responsible for the cause or extent of his injuries. In all ways, he acted as an ordinarily prudent person would have acted under similar circumstances.

21. As a result of the above incident, Mr. Williams sustained injuries, including a head injury resulting in a concussion, neck, shoulder, and back pain, as well as mental and physical pain, suffering, and anguish. Mr. Williams also incurred significant medical bills as a result of his medical treatment following the accident.

### COUNT I: Negligence against Lowe's and John Doe Defendants

22. Plaintiff realleges and incorporates all prior Paragraphs of this Complaint as though the same were fully rewritten, herein.

23. Defendant Lowe's, by and through its employees, agents, and/or representatives, including the John Doe Corporations and/or Tortfeasors, owed a duty to Plaintiff to exercise reasonable care in operating, managing, monitoring, and inspecting its premises in a manner that did not pose an unreasonable risk of injury to Mr. Williams.

4

24. At the aforesaid time and place, Defendant Lowe's and the John Doe Defendants failed to exercise ordinary care for the Plaintiff's safety in that it, among other things: (1) failed to avoid injuring a customer by negligent activities; (2) failed to warn customers of hidden dangers known to the store owners; (3) failed to make reasonable inspections of the business premises to discover any potential dangers of which the store may be unaware; (4) failed to take reasonable precautions to protect its customers from dangers which are foreseeable; (5) failed to use ordinary care to provide notice of concealed dangers of which the Defendants had knowledge, or which by using ordinary care, the Defendants should have discovered; (6) failed to adequately supervise employees; (7) failed to use reasonable care to prevent the negligent acts of third parties that could harm store patrons; and (11) failed to otherwise exercise due care with respect to the matters alleged in this Complaint.

25. On or about September 18, 2015, Defendant Lowe's and the John Doe Defendants had actual and/or constructive knowledge of the hazard near the cash register area, but negligently failed to remediate the same in a timely fashion or to provide adequate notice to warn customers like Plaintiff Robert Williams, Sr. of the dangerous condition.

26. As a result of the negligence of Defendant Lowe's and the John Doe Defendants to keep its premises in a safe and proper condition for the use of its customers and by failing to adequately warn the Plaintiff and other customers of the dangerous condition of the floor, the Plaintiff lost control of his feet due to the foreign substance upon the floor and fell backwards going down very hard and fast hitting his

lower back and head and other body parts. Plaintiff was rendered unconsious when his head struck the concrete floor.

27. Following the Plaintiff's fall on the unsafe floor, the Plaintiff was transported by ambulance from the Lowe's home improvement store to the Emergency Room at Wheeling Hospital. Plaintiff vomited several times while en route to the emergency room.

28. As a direct and proximate result of the Defendants' negligence, Plaintiff sustained various injuries to his head and body, some or all of which may be permanent in nature, as well as resulting pain and suffering, disability, mental anguish, and loss of the capacity for the enjoyment of life.

29. As a direct and proximate result of the Defendants' negligence, the Plaintiff was forced to incur various medical bills for the ambulance service, the emergency room, diagnostic films, and follow up medical treatment.

WHEREFORE, the Plaintiff Robert Williams, Sr., respectfully prays that judgment be entered against the Defendants for compensatory and general damages, in an amount within the jurisdiction of this Court to be determined by a jury, prejudgment and post judgment interest, attorneys fees and costs expended in this action, and other specific or general relief as may become apparent as this matter progresses and such other relief as the Court may deem proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES**

_[signature]_
Amy Pigg Shafer, Esq. (WV # 7344)
SHAFER LAW OFFICES
80 Twelfth Street, Suite 407A
Wheeling, West Virginia  26003
304-905-0089
304-905-1152 fax
ashafer@shaferlawoffices.net
*Counsel for Plaintiff Robert Williams, Sr.*